IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LARRY SABO,**

      **Petitioner,**

      **v.**

**WARDEN, LONDON CORRECTIONAL INSTITUTION**, *et al.*,

      **Respondents.**

Case No. 2:16-cv-536
Judge Marbley
Magistrate Judge King

## ORDER

Petitioner brings this action under 28 U.S.C. § 2241, alleging that the retroactive application of Ohio's parole guidelines to him violates his rights under federal and state law. *See generally Petition*, ECF No. 3. Respondents have until September 6, 2016, to respond to the *Petition*. *Order*, ECF No. 8. This matter is now before the Court on Petitioner's *Motion for an Evidentiary Hearing*, ECF N0. 10, *Motion to Appoint Counsel*, ECF No. 11, *Motion for Class Certification*, ECF No. 12, and *Motion for Discovery*, ECF No. 13.

Respondents have not yet responded to the *Petition*; until they do, it is unclear that discovery or an evidentiary hearing will be required to resolve the issues presented in the *Petition*. It is likewise unclear at this juncture that the appointment of counsel is necessary to the efficient resolution of the matter. Under these circumstances, Petitioner's *Motion for an Evidentiary Hearing*, ECF N0. 10, *Motion to Appoint Counsel*, ECF No. 11, and *Motion for Discovery*, ECF No. 13, are **DENIED** without prejudice to renewal at a later stage

of the proceedings.

Because there is currently no counsel to assist in the prosecution of a class action, moreover, certification of the action as a class action would be inappropriate. *See Palasty v. Hawk*, 15 Fed.Appx. 197, 2001 WL 857209, **2 (6th Cir. June 20, 2001); *Oxendine v. Williams*, 509 F.2d 1405 (4th Cir. 1984). Petitioner's *Motion for Class Certification*, ECF No. 12, is therefore likewise **DENIED** without prejudice to renewal should counsel be appointed for Petitioner or the putative class.

/s/   ALGENON L. MARBLEY
Algenon L. Marbley
United States District Judge