IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LARRY SABO,

      Petitioner,

         v.

WARDEN, LONDON CORRECTIONAL
INSTITUTION*, et al.,*

      Respondents.

Case No. 2:16-cv-536
JUDGE ALGENON L. MARBLEY
Magistrate Judge King

ORDER AND
REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action under 28 U.S.C. § 2241, challenging the denial of his release on parole. This matter is now before the Court on the *Petition* (ECF No. 3), Respondents' *Motion to Dismiss* (ECF No. 15), Petitioner's *Response in Opposition* (ECF No. 16), Respondents' *Reply* (ECF No. 17), Petitioner's *Surreply* (ECF No. 18), Respondents' *Supplemental Reply* (ECF No. 19), and the exhibits of the parties. Petitioner has also moved to renew motions that he had earlier filed (*i.e., Motion for an Evidentiary Hearing, Motion to Appoint Counsel, Motion for Class Certification,* and *Motion for Discovery*) which were previously denied by the Court. *See Order* (ECF No. 14). *Motion to Renew* (ECF No. 20). For the reasons that follow, it is **RECOMMENDED** that Respondents' *Motion to Dismiss* be granted and that the *Petition* be dismissed on the basis of Petitioner's procedural default. In light of that recommendation, Petitioner's *Motion to Renew* is **DENIED.**

1

In 1985, Petitioner pleaded no contest to one count of complicity to aggravated murder and one count of complicity to attempted aggravated murder and was sentenced, on the first count, to a life term of imprisonment with parole eligibility after 20 years and, on the second count, to a term of 7 – 25 years' imprisonment, such sentences to be served consecutively. *See State v. Sabo*, 1986 WL 9705, at 1 (4ᵗʰ Dist. Ct. App., Sept. 5, 1986). Petitioner pursued a number of challenges to his convictions, but does not challenge those convictions in this action.

In June 2003, the Ohio Parole Board ("the Parole Board") conducted a hearing, following which the Parole Board denied Petitioner's release on parole and continued the matter for an additional 100 months. *Ohio Parole Board Decision Sheet* (ECF No. 15-9, PageID# 857). On August 12, 2011, the Parole Board conducted another hearing, following which the Parole Board again denied Petitioner's release on parole and continued the matter for an additional 120 months, or until August 1, 2021. *Ohio Parole Board Decision* (ECF No. 15-10, PageID# 882). Considering the factors set out in Ohio Admin. Code § 5120:1-1-07, the Parole Board concluded that "[t]here is substantial reason to believe that due to the serious nature of the crime, the release of the inmate into society would create undue risk to public safety, or that due to the serious nature of the crime, the release of the inmate would not further the interest of justice or be consistent with the welfare and security of society." *Id*. The Parole Board articulated the rationale for its decision as follows:

> The Board has determined that the inmate is not suitable
> for release at this time. The inmate has completed relevant

2

programming and has good vocational skills, as well as good
institutional conduct; however the inmate's role in the
offenses is very disturbing; weapons involved; male
[victim[ killed-not at release at this time.

*Id*.

On March 4, 2014, Petitioner filed a civil action in the Franklin
County Court of Common Pleas for declaratory and injunctive relief
against the Ohio Adult Parole Authority and its members, presenting
the same claims as those asserted in this action. *Complaint* (ECF No.
15-4, PageID# 556-837). That action was dismissed upon the grant of
the State's motion for judgment on the pleadings. *Decision and Entry*
(ECF No. 15-5, PageID# 838-50). Petitioner's appeal from that decision
was dismissed for failure to comply with the procedural requirement of
O.R.C. § 2969.25(A).[1] *Journal Entry of Dismissal* (ECF No. 15-6, PageID#
851). The Ohio Supreme Court declined to accept Petitioner's
subsequent appeal pursuant to Ohio S. Ct. Prac. R. 7.08(B)(4). *Sabo v.
Ohio Adult Parole Authority*, 142 Ohio St. 3d 1472 (2015).

The *Petition* presents fifteen (15) claims for relief, most
challenging the application of new or revised parole guidelines at
Petitioner's parole hearings: the state trial court committed plain
error when it granted judgment to defendants on Petitioner's challenge
to the actions of the Ohio Parole Board (claim one); and that the
application of the new or revised guidelines violated the Ex Post
Facto Clause of the United States and Ohio Constitutions (claims two
and eleven); constituted a breach of Petitioner's plea agreement in

---

[1] O.R.C. § 2969.25(A) requires generally that an inmate who commences a civil
action or appeal against a government entity or employee must file an
affidavit that describes each civil action or appeal of a civil action filed
by the inmate in the previous five years in any state or federal court.

violation of the due process clause of the United States and Ohio Constitutions (claims three and twelve); violated the double jeopardy clauses of the United States and Ohio Constitutions (claim four); violated the doctrine of separation of powers embedded in the United States Constitution (claim five); violated the equal protection clause of the United States and Ohio Constitutions (claim six); and denied a state created statutory right under Ohio law, denied Petitioner due process of law, and denied Petitioner a liberty interest in violation of the United States and Ohio Constitutions (claims seven, eight, nine, ten, and thirteen). Petitioner also generally claims that the application of the new or revised parole guidelines violated the Ohio Constitution and the United States Constitution (claims 14 and 15).[2] Purporting to act on behalf of "all similarly situated inmates" *Petition* (ECF No. 3, PageID# 254), as well as on his own behalf, Petitioner asks that he be granted a new parole hearing "under the Parole Law/Regulations that were in effect at the time of there [sic] 'Offenses'" or be granted release from confinement. *Id*.

Respondents contend that Petitioner's claims are either procedurally defaulted or without merit.

**Procedural Default**

Respondents argue that Petitioner has waived his right to this

_____

[2] To the extent that Petitioner's claims are based on alleged violations of state law or on alleged error committed by the state court, those claims cannot form the basis of habeas corpus relief. A federal court may review a state prisoner's habeas petition only if the petitioner's challenge to his confinement is predicated on an alleged violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); § 2254(a). Thus, a federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988).

4

Court's consideration of the merits of his claims because he committed a procedural default in connection with his appeal from the decision of the Franklin County Common Pleas Court dismissing his challenge to the denial of parole. In his responses to the *Motion to Dismiss*, Petitioner does not address the merits of Respondents' procedural default defense. Rather, Petitioner argues that, because Respondents raised the issue of procedural default in their *Motion to Dismiss*, rather than in an answer or return of writ, Respondents have themselves waived that defense. *See generally Response in Opposition* (ECF No. 16); *Surreply* (ECF No. 18). Petitioner is mistaken.

Rules 4 and 5 of the Rules Governing § 2254 Cases in the United States District Courts expressly authorize the filing of a motion to dismiss a petition. Moreover, the Advisory Committee Notes make clear that Rule 4 "permits [a pre-answer motion to dismiss the petition] and reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion." *See also Scott v. Romero*, 153 Fed.Appx. 495, 498 (10th Cir. 2005); *Pettus-Brown v. Warden, Correctional Reception Center*, 2015 WL 3562196, *3 (S.D. Ohio June 5, 2015); *Johnson v. Mills*, 2008 WL 413636 (M.D. Tenn. Feb. 12, 2008).

*Morrison v. Mahoney*, 399 F.3d 1042 (9th Cir. 2005), upon which Petitioner relies, does not stand for the proposition that a defense of procedural default raised in a motion to dismiss a habeas petition, rather than in a return of writ, will be deemed to have been waived. The court in *Morrison* actually held that the state had not impliedly waived the defense of procedural default, even though that defense had

not been raised in the state's original motion to dismiss. *Id.* at 1046-47.[3]

Respondents in this case asserted the defense of procedural default in their first response to the *Petition*. This Court therefore concludes that Respondents did not thereby waive that defense. The Court will therefore consider the merits of the defense of procedural default.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless,* 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error.

---

[3] In *Morrison*, the district court had granted the state's initial motion to dismiss, which asserted only a statute of limitations argument. That dismissal was reversed on appeal and, following remand, the state asserted a procedural default defense in its answer. Holding that "the State's motion to dismiss was not a responsive pleading that required the State to raise or waive all its defenses," *id.* at 1047, the Ninth Circuit affirmed the dismissal of the petition on the basis of procedural default.

*Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a Court must undertake a four-part analysis when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, the Court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court determines that the petitioner failed to comply with an adequate and independent state procedural rule, then the petitioner must demonstrate good cause for his failure to follow the procedural rule as well as actual prejudice from the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir.1985).

As noted, Petitioner failed to provide the affidavit required by O.R.C. § 2969.25(A) in connection with his direct appeal, and the state court of appeals dismissed his appeal on that basis. *Decision and Entry* (ECF No. 15-6, PageID# 851). The Ohio Supreme Court declined to accept Petitioner's subsequent appeal, but articulated no basis for that decision. *Sabo v. Ohio Adult Parole Authority*, 142 Ohio St. 3d

1472. Under these circumstances, the basis for the dismissal of Petitioner's direct appeal must be presumed to be his failure to comply with the procedural requirement of Ohio law. *See Ylst v. Nunnemaker*, 501 U.S. 797 (1991)(the last "reasoned state judgment rejecting" a federal claim is the determinative decision for purposes of the procedural default analysis). The first two factors of the *Maupin* analysis have therefore been met. Furthermore, Ohio courts have long enforced this procedural requirement, which in no way relies on federal law. *See, e.g., State ex rel. Sherrills v. Clerk of Courts of Franklin County Court of Common Pleas*, 92 Ohio St. 3d 402 (2001); *State ex rel. Swingle v. Zaleski*, 91 Ohio St. 3d 82 (2001). *See also Hazel v. Knab*, 130 Ohio St. 3d 22 (2011). Moreover, Petitioner has utterly failed to demonstrate cause for his failure to observe Ohio's procedural requirement. The Court therefore concludes that all factors of the *Maupin* analysis have been met and that Petitioner has waived, by virtue of his procedural default, this Court's consideration of the merits of his claims.

It is therefore **RECOMMENDED** that Respondents' *Motion to Dismiss* (ECF No. 15) be granted and that this action be dismissed on the basis of procedural default. In light of that recommendation, Petitioner's *Motion to Renew* (ECF No. 20) is **DENIED.**

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


                                        *s/  Norah McCann King__  _*
                                        Norah McCann King
December 15, 2016                       United States Magistrate Judge