IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LARRY SABO,**

    **Petitioner,**

  v.

**WARDEN, LONDON CORRECTIONAL INSTITUTION,** *et al.,*

    **Respondents.**

Case No. 2:16-cv-536
**JUDGE ALGENON L. MARBLEY**
**Magistrate Judge King**

## ORDER

On December 15, 2016, the Magistrate Judge recommended that Respondents' *Motion to Dismiss* (ECF No. 15) be granted and that this action for a writ of habeas corpus under 28 U.S.C. § 2241 be dismissed on the basis of Petitioner's procedural default. *Order and Report and Recommendation* (ECF No. 22.) Petitioner objects to that recommendation. *Objection* (ECF No. 24.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 24) is **OVERRULED**. The *Order and Report and Recommendation* (ECF No. 22) is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss* (ECF No. 15) is **GRANTED**.

Petitioner is serving a consecutive term of life imprisonment with parole eligibility after 20 years and a term of 7-25 years' incarceration, as a result of his 1985 no contest plea to one count of complicity to aggravated murder and one count of complicity to attempted aggravated murder in the Athens County Court of Common Pleas. Petitioner does not challenge his underlying judgments of conviction, but instead challenges the Ohio parole board's June 2003 and August 2011 denials of his release on parole. Petitioner's next parole hearing is scheduled to

occur in August 2021.  Petitioner presents fifteen claims for relief based on the Parole Board's alleged unconstitutional application of new or revised parole guidelines, thus violating the Ex Post Facto Clause, acting in breach of Petitioner's plea agreement, and violating the Due Process Clause, the Double Jeopardy Clause, the doctrine of separation of powers, and the Equal Protection Clause.  Petitioner also alleges violations of Ohio law.[1]  Petitioner presented these claims to the Franklin County Court of Common Pleas, which dismissed his challenge to the Parole Board's actions. Petitioner's appeal from that judgment was dismissed because Petitioner failed to file the affidavit required by O.R.C. § 2969.25(A).[2] The Ohio Supreme Court declined to accept Petitioner's subsequent appeal from that dismissal. As noted *supra*, the Magistrate Judge recommended that Petitioner's claims be dismissed as procedurally defaulted.

In an argument raised for the first time in his objections, Petitioner contends that he has established cause, or excusable neglect, for his failure to timely submit the required affidavit to the state appellate court. He refers to his *pro se* and incarcerated status and to his limited access to the prison's law library.  Petitioner also represents that, after he had filed his appeal, he submitted an affidavit to the state appellate court in a document entitled *Appellant*[']*s Reply to Appellees Motion to Dismiss and Appellant's Motion for Excusable Neglect for Filing his Affidavit of Prior Actions per 2969.25 and Six Month Demand Statement Late.  Objection* (ECF No. 24, PageID# 926, 927.)  In that document, Petitioner stated that he had submitted his affidavit to prison officials for delivery to the prison's cashier office, but that he had "no control over how fast institutional Staff process Legal paper work" or weather related issues that affected

---

[1] As noted by the Magistrate Judge, to the extent that Petitioner alleges the violation of Ohio law, such claim does not offer a basis for federal habeas relief.  *See* 28 U.S.C. § 2241(c)(3); § 2254(a).

[2] O.R.C. § 2969.25(A) requires that an inmate who commences a civil action or appeal against a government entity or employee file an affidavit that describes each civil action or appeal of a civil action filed by the inmate in any state or federal court in the previous five years.

2

prison movement; he also represented that he had limited access to the prison's law library. *Id*. (PageID# 928.)

A habeas petitioner who has committed a procedural default before the state courts may nevertheless secure federal review of his federal claims if he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982). However, it is the petitioner's burden to show cause and prejudice sufficient to overcome the procedural default. *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999)(internal citation omitted).

> "'Cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him [;]. . . some objective factor external to the defense [that] impeded. . . efforts to comply with the State's procedural rule."

*Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003) (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). Petitioner has failed to meet this standard here.

"Courts have held repeatedly that a petitioner's *pro se* incarcerated status, limited access to the prison law library, or ignorance of the law and state procedural requirements do not constitute cause sufficient to excuse a procedural default." *Watkins v. Warden, Dayton Correctional Institution*, No. 2:16-cv-00501, 2016 WL 4394138, at *3 (S.D. Ohio Aug. 18, 2016)(citing *Bonilla v. Hurley,* 370 F.3d 494, 498 (6th Cir 2004)(citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995)); *Crosby v. Warden, London Correctional Facility*, No. 1:12–cv–523, 2013 WL 5963136, at *5 n. 2 (S.D. Ohio Nov. 7, 2013). The state appellate court expressly dismissed Petitioner's appeal because of Petitioner's failure to submit his affidavit, as required by Ohio law, at the time he commenced the appeal. *See Decision and Entry* (ECF No.

15-6, PageID# 851.)  Moreover, nothing in the record suggests that Petitioner could not have submitted his affidavit at the time that he filed his appeal.

For these reasons and for the reasons discussed in the Magistrate Judge's *Order and Report and Recommendation*, Petitioner's *Objection* (ECF No. 24) is **OVERRULED**.  The *Order and Report and Recommendation* (ECF No. 22) is **ADOPTED** and **AFFIRMED**.  Respondent's *Motion to Dismiss* (ECF No. 15) is **GRANTED**.  This action is hereby **DISMISSED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT.**

**DATED:  January 5, 2017**                                     s/Algenon L. Marbley
                                                                                   ALGENON L. MARBLEY
                                                                                   United States District Judge